**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MALIBU MEDIA, LLC          :
                           :      CIVIL ACTION
          Plaintiff,       :
                           :
     vs.                   :
                           :      NO. 2:13-CV-5890
BRIAN FLANAGAN,            :
                           :
          Defendants.      :

**MEMORANDUM AND ORDER**

**Joyner, J.**                                    **June 30, 2014**

     Before the Court is Plaintiff's Motion for Entry of Default
Judgment(Doc. No. 15). For the reasons set forth in this
Memorandum, the Court grants in part and denies in part the
Defendants' Motion for Entry of Default Judgment.

**I. Factual and Procedural History**

     This case arises from Defendants alleged infringement of
Plaintiff Malibu Media's copyrighted movies. Plaintiff alleges
that Defendant infringed twenty (20) of Plaintiff's copyrighted
movies by illegally downloading the movies using the "BitTorrent"
protocol, a peer-to-peer file sharing network. (Amended Complaint
at ¶¶ 2, 10 and 45 (Doc. No. 11)).

     As Judge Baylson explained in <u>Malibu Media, LLC v. John Does
1, 6, 13, 14</u>, 950 F. Supp. 2d 779, 783-84 (E.D. Pa. 2013), the
BitTorrent software is an automatic file share network that
"[joins] together multiple internet subscribers (the "swarm") who
are seeking to download the same movie at the same time." The
process begins with an "initial seeder" who initially makes a

digital file (such as a movie) from his/her computer available to the public to use. <u>Malibu Media, LLC v. John Does 1-30</u>, 2013 WL 5476065, at *1-2 (E.D. Mich. May 16, 2013) *report and recommendation adopted in part and denied in part,* 2013 WL 5476063 (E.D. Mich. Sept. 30, 2013). The initial file is called a "seed" which can then be accessed by other users (referred to as "peers") who can request to download the file. <u>Id.</u> These individuals do not necessarily know each other. <u>Id.</u> The BitTorrent software then sends different "bits" of the same movie to different users and when the overall download is completed, each internet subscriber who has logged on to the software will have the complete movie on his or her own computer hard drive. <u>Id.</u>

Plaintiff's initial complaint was against a Doe defendant associated with a certain IP address that had allegedly infringed Plaintiff's protected copyrights. (Complaint at ¶¶ 2 and 9 (Doc. No. 1)). In response to a third party subpoena, the internet service provider disclosed the Defendant's wife as the owner of the IP address that was allegedly downloading Plaintiff's copyrighted movies. (Amended Complaint at ¶ 26 (Doc. No. 11)). However, Plaintiff brought suit against the Defendant, not his wife, alleging that the Defendant's wife likely did not engage in the infringing downloads. (<u>Id.</u> at ¶ 28). Plaintiff suspected that since Defendant resides with his wife and had the means to use

the BitTorrent in the house where the infringement emanated, he was "most likely" the person to engage in the infringement. (Id. at ¶¶ 26-27, 40). Additionally, Plaintiff asserts that a majority of its' subscribers are males, and the Defendant's online activities, hobbies, and interest implicate he was the infringer, and not his wife. (Id. at ¶¶ 28-40).[1]

Plaintiff asserts, and Plaintiff's counsel certifies, that on March 31, 2014, Plaintiff served the Defendant with a Summons and an Amended Complaint. (Doc. Nos. 13,[2] and 14-1). Plaintiff's counsel also certifies that the Defendant is not a minor, incompetent, or in active military duty. (Doc. No. 15-5 at ¶ 7). However, Defendant has failed to plead or otherwise defend against Plaintiff's Amended Complaint. The Clerk entered Default against the Defendant on May 22, 2014 and Plaintiff now moves for default judgment. (Doc. No. 15). Plaintiff asserts twenty (20) separate and discrete infringements of its copyrights by the Defendant and that these infringements were done willfully. (Amended Complaint at ¶¶ 2, 44-48 (Doc. No. 11)). Plaintiff seeks

---

[1] Plaintiff's Amended Complaint lists various "additional evidence," such as information on Defendant's facebook page and other material downloaded from the IP address that implicates that the Defendant was the infringer. (Amended Complaint, ¶¶ 28-37 (Doc. No. 11)).

[2] It should be noted that the process server left the summons at the Defendant's home with an individual identified as the Defendant's father who was of suitable age and resided there.(Doc. No. 13). This is a valid form of service on the Defendant pursuant to F.R.C.P. 4(e)(2)(b).

an entry of default judgment, statutory damages in the amount of
$45,000.00, a permanent injunction, and an award of Plaintiff's
attorneys' fees and costs. (Plaintiff's Memorandum at pp. 14-15
(Doc. No. 15-1)). The Court grants in part and denies in part
Plaintiff's request.

## II. Discussion

A.   Default Judgment

Default judgment against the Defendant is appropriate here
in view of the Defendant's failure to plead or respond to the
Plaintiff's Amended Complaint. Federal Rule of Civil Procedure
55(b) gives the Court the power to enter default judgment against
a party after the Clerk has entered default against the party.
Although judgment by default is disfavored, the ultimate decision
is up to the sound discretion of the district court. Broad.
Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F.
Supp. 2d 537, 541 (E.D. Pa. 2008). The court's initial inquiry is
to determine whether the Plaintiff has alleged facts that support
the claims in his complaint. Joe Hand Promotions, Inc. v.
Yakubets, 2014 WL 960787, at *4 (E.D. Pa. Mar. 11, 2014). At the
pleadings stage, the court accepts as true the well-pleaded
factual allegations in the plaintiff's complaint. Comdyne I, Inc.
v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Additionally,
factual allegations in the complaint are deemed admitted when a
defendant defaults. Id. The Third Circuit has enumerated three

4

additional factors the court should consider to determine whether
it should grant default judgment:"(1) prejudice to the plaintiff
if default is denied, (2) whether the defendant appears to have a
litigable defense, and (3) whether defendant's delay is due to
culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d
Cir. 2000).

Plaintiff has asserted violations under the copyright act,
17 U.S.C. § 101, et. seq., against the Defendant. To establish a
claim of copyright infringement a plaintiff must establish by a
preponderance of the evidence: "(1) ownership of a valid
copyright; and (2) unauthorized copying of original elements of
the plaintiff's work." Dun & Bradstreet Software Servs., Inc. v.
Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002). In
addition, copyright infringement may be considered willful when a
Defendant defaults and decides not to defend against the action.
See Sony Music Entertainment v. Cassette Production, Inc., 1996
WL 673158, at *5 (D.N.J., Sept. 30, 1996).

Plaintiff has met its burden through its pleadings,
asserting it is the owner of twenty (20) copyrights that the
Defendant has directly infringed through the use of the
BitTorrent protocol. (Amended Complaint at ¶¶ 3, 10 and 44-48
(Doc. No. 11)). Each of the alleged infringements is supported by
Plaintiff's Exhibits A and B, filed with the Amended Complaint.
(Doc. Nos. 11-1 and 2). Additionally, the IP address used to
infringe Plaintiff's videos has been identified as the

5

Defendant's wife. (Amended Complaint at ¶ 26 (Doc. No. 11)). Plaintiff's assertion that the Defendant is the likely infringer based on circumstantial evidence is also persuasive in view of the facts alleged in the Amended Complaint.[3] Additionally, Defendant's infringement was willful as Defendant has defaulted and has failed to defend or even appear in this action, despite being served the Amended Complaint.[4] Therefore, the Plaintiff has met its burden to demonstrate that the Defendant has willfully infringed twenty (20) of Plaintiff's copyrights.

Turning to the <u>Chamberlain</u> factors, based on the limited record, default judgment is appropriate here. Plaintiff has asserted that it has been damaged as Defendant has aided thousands of others, through the BitTorrent protocol, to infringe the Plaintiff's videos. (Plaintiff's Memorandum, p. 9 (Doc. No. 15-1)). In addition, nothing in the record suggests that the Defendant would have a litigable defense. The Defendant may argue that his wife was the infringer since it was her IP address that allegedly infringed the copyrights. However, the court may

---

[3] This court is required to take factual allegations in the Plaintiff's Amended Complaint as true, and in view of Defendant's default, the Defendant has effectively admitted the factual allegations in the Amended Complaint. <u>See</u> <u>Comdyne</u>, 908 F.2d at 1149.

[4] Also, Defendant's infringement is willful since the Defendant's use of the BitTorrent protocol to download Plaintiff's copyrighted video allowed Defendant to have free access to a film that he would otherwise have to pay for. (Plaintiff's Memorandum, p. 5 (Doc. No. 15-1).

presume that a defendant who has failed to plead, defend or appear has no meritorious defense. See Doe v. Simone, 2013 WL 3772532, at *5 (D.N.J. July 17, 2013). Finally, the Defendant's complete failure to engage in this litigation qualifies as culpable conduct with respect to a default judgment. Broad. Music, Inc, 555 F. Supp. 2d at 542.

The Court concludes that default judgment should be entered against the Defendant.

B.   Appropriate Relief

Plaintiff has requested the following relief to be granted: statutory damages, injunction against the Defendant, and costs and attorneys' fees. As explained below, the Court finds an award of $30,000.00 ($1,500.00 per infringement) in statutory damages to be appropriate for this matter.

1.   Statutory Damages

When copyright infringement is found, the copyright holder may elect to recover statutory damages against the infringer rather than recover actual damages. 17 U.S.C. § 504(a)(2). An award of statutory damages may be recovered between $750.00 and $30,000.00 for each infringement "as the court considers just." Id. § 504(c)(1). Statutory damages serve the dual purpose of punishing and deterring the infringer while compensating the copyright holder for the infringement. Schiffer Publ'g, Ltd. v. Chronicle Books, LLC, 2005 WL 67077, at *4 (E.D. Pa. Jan. 11,

7

2005). However, when liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages amount. <u>See, e.g.,</u> <u>Arista Records, LLC v. Callie</u>, 2007 WL 1746252 (D.N.J. June 15, 2007); <u>D.C. Comics Inc., v. Mini Gift Shop</u>, 912 F.2d 29, 35, 37 (2d Cir. 1990). The starting point for statutory damages analysis in a copyright action is the minimum, $750.00 per infringement, and it is up to the court to decide whether to increase that figure based on the Defendant's conduct. <u>See</u> <u>Malibu Media, LLC v. John Does 1, 6, 13, 14</u>, 950 F. Supp. 2d at 788; <u>Broad. Music, Inc.</u>, 555 F. Supp. 2d at 544 ("In determining the just amount of statutory damages, [t]he defendant's conduct is the most important factor.")(internal citations omitted).

Plaintiff has requested to recover statutory damages in the amount of $45,000.00, or $2,250.00 per infringement, which is three times the $750.00 minimum statutory damage award. Since statutory damages are determined based on the discretion of the court, 17 U.S.C. § 504(c)(1), the Court looks to the facts in the Amended Complaint as well as other evidence adduced by the Plaintiff to determine whether the requested statutory damage amount is appropriate. <u>See</u> <u>Broad. Music, Inc.</u>, 555 F. Supp.2d at 545.

Courts considering similar infringement actions regarding unauthorized online distribution of copyrighted material have found statutory damages between $1,500.00 and $2,250.00 per

8

infringing work to be reasonable. See e.g., Malibu Media, LLC v. Brenneman,, 2013 WL 6560387, at *3 (N.D. Ind. Dec. 13, 2013)(Court found damages award of $1,500.00 per infringed work will suffice to compensate Plaintiff and deter future infringement.); Malibu Media, LLC v. Cowham,, 2014 WL 2453027, at *2 (N.D. Ind. June 2, 2014)($1,500.00 per infringed work was found reasonable.); Malibu Media, LLC v. Goodrich, 2013 WL 6670236, at *11 (D. Colo. Dec. 18, 2013)($2,250.00 per infringed work was found reasonable.); PHE, Inc. v. Does 1-122, 2014 WL 1856755, at *3 (N.D. Ill. May 7, 2014)($1,500.00 per infringed work was found reasonable). In Malibu Media, LLC v. Brenneman, the defendant had similarly engaged in BitTorrent protocol downloading of Plaintiff Malibu Media's copyrighted works. Id. at *2. The defendant defaulted and the court granted a default judgment against the defendant. Id. The court rejected the plaintiff's request for statutory damages in the amount of $2,250.00 per infringed work as the defendant was "merely one participant in a group of users sharing bits and pieces of [the plaintiff's] works." Id.

The Court here is awarding above the minimum, $750.00 per infringement, because the BitTorrent software allows sharing with others as well as unauthorized use by the Defendant. Malibu Media, LLC, 2013 WL 5476065, at *3 ("BitTorrent's key is reciprocity-a peer not only downloads but automatically uploads pieces to other peers."). However, while Plaintiff has shown that

Defendant shared copyrighted works, it is not necessarily the case that Defendant was the original "seed" or the original user who made Plaintiff's work available to the public from his computer. See Id. at *2; see also Sean B. Karunaratne, Note: the Case Against Combating BitTorrent Piracy Through Mass John Doe Litigation, 111 Mich. L. Rev. 283, 288-89 (2012)(explaining BitTorrent file-sharing).

As in Malibu Media, LLC, v. Brenneman, at *3, the Court finds that an award of $1,500.00 per infringement is reasonable and will deter future infringements as well as compensate the Plaintiff. Analogous to the defendant in Brenneman, the Defendant here has downloaded Plaintiff's copyrighted works using the BitTorrent protocol. Similarly, the Defendant here has also defaulted and the Plaintiff's complaint alleges that Defendant was a participant in a group of users sharing bits and pieces of Plaintiff's works.

Likewise, Plaintiff's requested amount of $2,250.00 per infringement is excessive as Plaintiff has failed to plead or provide the Court with evidence regarding expenses saved by the Defendant or amount of money Defendant profited from its infringement. Additionally, the Plaintiff has failed to provide the Court with evidence regarding its particular damages by the Defendant's conduct such as its lost sales.[5] Therefore, statutory

---

[5] Plaintiff has asserted that its lost sales far exceed $45,000.00. (Plaintiff's Memorandum, p. 9 (Doc. No. 15-1)).

damages of twice the minimum, $1,500.00 per infringement, are appropriate and the Plaintiff shall be awarded $30,000.00 in statutory damages for the Defendant's infringement of twenty (20) copyrighted videos.

    2.  <u>Injunctive Relief</u>

    Plaintiff's requested injunctive relief to enjoin the Defendant from continuing to infringe Plaintiff's copyrighted works is appropriate. A district court is permitted to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Injunctions are appropriate against Defendants who have engaged in unlawful downloads to ensure the misconduct does not recur. <u>See</u> <u>Virgin Records Am., Inc. v. Bagan,</u>, 2009 WL 2170153, at *5 (D.N.J. July 21, 2009). However, a plaintiff seeking a permanent injunction "must demonstrate: (1) whether the moving party has shown actual success on the merits; (2) whether denial of injunctive relief will result in irreparable harm to the moving party; (3) whether granting of the permanent injunction will result in even greater harm to the defendant; and (4) whether the injunction serves the public interest. <u>See</u> <u>Shields v. Zuccarini</u>, 254 F.3d 476, 482 (3d Cir. 2001); <u>United States v. Berks County, Pennsylvania</u>, 277 F.Supp.2d

---

However, Plaintiff has failed to submit evidence that supports this assertion and thus has not assisted the Court in determining how significantly the Plaintiff has been damaged by Defendant's infringement.

570, 578 (E.D. Pa. 2003).

As to the first factor, the Defendant's default prevents the Court from deciding this case on the merits. However, Plaintiff has pled facts to support a default judgment against the Defendant and thus Plaintiff has shown success on the merits.

Second, Plaintiff has demonstrated that it will suffer irreparable harm if an injunction is not granted. Plaintiff has asserted that due to the nature of the BitTorrent protocol, Defendant can continue to infringe and distribute the copyrighted works to numerous other users. (Plaintiff's Memorandum at p. 11 (Doc. No. 15-1)). Therefore, Plaintiff has demonstrated that its harm is irreparable.

Third, an injunction will not prejudice the Defendant. An injunction will only prohibit the Defendant from continuing to infringe Plaintiff's copyrighted works. Therefore, Defendant will not be further harmed if an injunction is granted.

Finally, the prevention of copyright infringement serves the public interest. See Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1255 (3d Cir. 1983)("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work.").

In view of the factors above, Defendant's failure to respond

to the Amended Complaint and the Plaintiff's assertion that
Defendant will continue to infringe unless enjoined from doing
so, the Court finds that a permanent injunction is proper. The
Court additionally orders that Defendant is required to destroy
all copies of Plaintiff's copyrighted works that Defendant has
downloaded.

### 3. Costs and Attorneys' Fees

Pursuant to 17 U.S.C. § 505, a district court may, at its
discretion, award costs and attorneys' fees to a prevailing party
in a copyright infringement suit. 17 U.S.C. § 505. Specifically,
Plaintiff requests $1,182.00 in attorneys' fees[6] and $450.00 in
costs for a total of $1,632.00. (Plaintiff's Memorandum at p. 13
(Doc. No. 15-1)). Plaintiff's counsel has submitted a declaration
itemizing the time spent on this case and the costs associated
with this case. (Doc. No. 15-5, ¶ 9). In view of Defendant's
failure to appear or respond to this action and the
reasonableness of Plaintiff's costs and attorneys' fees,
Plaintiff's request of $1,182.00 is approved.

---

[6] The Declaration of Christopher P. Fiore, Esq. (Doc No. 15-5) asserts that the attorneys' fees are comprised of $570.00 of the attorney's billable work and $612.00 of the paralegal's billable work. (Id. at ¶ 9). Paralegal fees may be included as part of the legal fees as paralegal's charge hourly rates and assist attorney's with their legal work. Microsoft Corp. v. United Computer Res. of N.J., Inc., 216 F.Supp.2d 383, 388 n. 2 (D.N.J. 2002).

<u>III. Conclusion</u>

For the reasons set forth above, Plaintiff's Motion for Default Judgment (Doc. No. 15) is granted in part and denied in part.

An Order follows.